Frank S. Clowney III (California Bar # 081694)
**LAW OFFICE OF FRANK S. CLOWNEY III**
600 B Street, Suite 2300
San Diego, California 92101-4598
Telephone: (619) 557-0458
Fax: (619) 557-0482
E-mail: worklaw@sbcglobal.net

Thomas M. Discon, T.A. LA #14219
Charlotte E. Discon, #35751
**DISCON LAW FIRM**
424 N. Causeway Blvd., Suite A
Mandeville, LA  70448
Telephone: (985) 674-9748
Fax: (985) 674-9748
Email: tdiscon@disconlawfirm.com

Robert K. Lansden, LA #25441
125 E. Pine Street
Ponchatoula, LA  70454
Telephone: (985) 370-9006
Email: lansdenlaw@gmail.com

Attorneys for Plaintiff William J. Cannon

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. CANNON, </br></br>  Plaintiff, </br></br> vs. </br></br> AUSTAL USA, LLC and the UNITED STATES OF AMERICA, </br></br> Defendants. | CASE NO. '15CV2582 CAB BLM </br></br> **COMPLAINT FOR DAMAGES FOR:** </br></br> 1. NEGLIGENCE PURSUANT TO 46 U.S.C. §§ 742, 781 and 30104; </br> 2. UNSEAWORTHINESS; </br> 3. MAINTENANCE AND CURE; and </br> 4. LHWCA § 905(b) </br></br> **DEMAND FOR JURY TRIAL** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF WILLIAM J. CANNON RESPECTFULLY ALLEGES:

///

///

1

COMPLAINT FOR DAMAGES                    CASENUMBER:

## JURISDICTION AND VENUE

1. This action is brought based on an Act of Congress known as the Merchant Marine Act, otherwise known as the Jones Act [46 U.S.C. § 30104], the General Maritime Law, the Public Vessels Act [46 U.S.C. § 781 *et seq.*] and in the alternative the Suits in Admiralty Act [46 U.S.C. § 742 *et seq.*] Jurisdiction in this Court is present pursuant to the "Savings to Suitors" clause of the Judiciary Act of 1789, 28 U.S.C. § 1333 *et seq.*, as well as the above cited statutes.

2. The vessel classified as an LCS 4 known as the *USS Coronado ("USS Coronado")* is currently located in California's state territorial waters within the Southern District of California. The injuries and actions complained took place aboard said vessel. Venue in this judicial district is established pursuant to 46 U.S.C. §§ 742 and 781.

3. Defendant Austal USA LLC (Austal) is an Alabama corporation with its principal place of business in Mobile, Alabama. Said defendant is authorized to do business and is doing business in the Southern District of California.

4. Defendant United States of America is a government body doing business in the Southern District of California.

## THE PARTIES

5. Plaintiff William J. Cannon ('plaintiff') is a resident of the State of Alabama.

6. The defendants at all times herein mentioned employed plaintiff to work upon a fleet of vessels operated and controlled by the defendants.

7. The defendants at all times herein mentioned employed plaintiff as a seaman and a member of the crew of the vessel *USS Coronado*.

8. The defendants at all times herein mentioned were the owners, operators, lessors, charterers, sub charterers, maintainers, controllers and owners pro hac vice of the vessel *USS Coronado*.

9. The defendants at all times herein mentioned acted by and through their agents and employees, each of whom were at all times acting within the purpose and scope of said agency and employment.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. On or about November 25, 2013, plaintiff was on the deck of the *USS Coronado* while the vessel was in navigable waters in Mobile, Alabama. Plaintiff was attempting to pick up and move lifts with three navy personnel when one or more of the navy personnel dropped their corners of the lifts, placing an excessive load on the plaintiff and causing plaintiff to sustain injuries, including but not limited to injuries to his lumbar spine.

11. As a direct, proximate and legal result of the conduct of the defendants, their agents and employees, plaintiff was injured in his health, strength and activity, sustaining injury to his body, and fright, shock and injury to his nervous system and person. All of the injuries sustained have caused and will continue to cause the plaintiff great mental, physical, emotional and nervous pain, anguish, suffering and loss of enjoyment of life. Plaintiff is informed and believes, and thereon alleges that the injuries will result in some permanent damage to him in an amount in the excess of $7,000,000.00.

12. As a further direct, proximate and legal result of the conduct of the defendants plaintiff has incurred, and will continue to incur, medical and related health care expenses, along with other special and out of pocket damages, in an amount according to proof at the time of trial.

13. As a further direct, proximate and legal result of the conduct of the defendants plaintiff has been, and will be, prevented from attending to his usual occupation. The ability of the plaintiff to earn an income was also impaired, the combined result of which has and shall cause plaintiff to suffer a loss of earnings and earning capacity, in an amount according to proof at the time of trial.

**COMPLAINT FOR DAMAGES**               **CASENUMBER:**

## FIRST CAUSE OF ACTION

## (Negligence)

14. Plaintiff restates and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13, inclusive, above.

15. On or about November 25, 2013 the defendants so negligently operated, entrusted, managed, and maintained their vessel and work operations so as to cause the dropping of corners of the lifts, thereby placing an excessive load on the plaintiff, causing the injuries and damages complained of herein.

16. Defendants at said time and place also negligently failed to provide plaintiff with a reasonably safe place to work, causing the injuries and damages complained of herein.

## SECOND CAUSE OF ACTION

## (Unseaworthiness)

17. Plaintiff restates and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13, inclusive, above.

18. At all times herein mentioned the defendants had an absolute and non-delegable duty to provide plaintiff with a safe and seaworthy vessel, including its appurtenances, equipment and crew.

19. On or about November 25, 2013 the unseaworthiness of the vessel *USS Coronado* caused and allowed the placement of excessive weight on the plaintiff when the corners of the lift were dropped, causing the injuries and damages complained of herein.

## THIRD CAUSE OF ACTION

## (Maintenance and Cure)

20. Plaintiff restates and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19, inclusive, above.

COMPLAINT FOR DAMAGES    4    CASENUMBER:

21. On or about November 25, 2015 plaintiff became ill or injured in the service of the vessel, thereby triggering an absolute and non-delegable duty on the part of the defendants to provide plaintiff with proper medical care and attention until healed ("cure").  The defendants had a similar to duty to provide plaintiff with his earned and unearned wages.  The defendants had a similar duty to provide plaintiff with the means with which to sustain him while he was unable to perform his regular duties and was receiving medical care until fully healed ("maintenance").

22. The defendants have failed and refused to provide the full amount of maintenance and cure owed to plaintiff.  As a direct and legal result of the conduct of said defendants plaintiff has incurred, and will continue to incur, medical and related health care expenses, along with other special and out of pocket damages, in an amount according to proof at the time of trial, plus pre-judgment interest.

23. As a further direct, proximate and legal result of the defendants' failure to provide the full amount of maintenance and cure owed, plaintiff has incurred attorney fees in an amount according to proof at the time of trial.

24. As a further direct, proximate and legal result of the defendants' failure to provide the full amount of maintenance and cure owed, the defendants should be required to pay punitive damages and pre-judgment interest in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

### (Longshoreman and Harbor Workers' Compensation Act Section 905(b))

25. Plaintiff restates and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19, inclusive, above.

26. In the alternative, should plaintiff be found to be a longshoreman, which is denied by the plaintiff, then plaintiff brings a negligence claim against defendant United States of America pursuant 905(b) of the Longshoreman and

Harbor Workers Compensation Act.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For general damages according to proof;
2. For special damages in the form of present and future medical expenses, present and future lost earnings and impairment of earning capacity, property damage and other out of pocket losses according to proof;
3. For earned and unearned wages
4. For maintenance and cure until maximum cure is attained in an amount according to proof;
5. For interest at the rate prescribed by law upon all sums owed for maintenance and cure;
6. For reasonable attorney fees on the claim for maintenance and cure;
7. For pre-judgment interest;
8. For compensatory and punitive damages for failure to provide maintenance and cure;
9. For costs of suit herein; and
10. For such other and further relief as the court may deem proper.

Dated: November 17, 2015     LAW OFFICE OF FRANK S. CLOWNEY III

/s/ *Frank S. Clowney III* /s/
FRANK S. CLOWNEY III
Co-Counsel for Plaintiff William J. Cannon
Email: worklaw@sbcglobal.net

## JURY DEMAND

Plaintiff William J. Cannon demands a jury trial in this action.

Dated: November 17, 2015     LAW OFFICE OF FRANK S. CLOWNEY III

*/s/ Frank S. Clowney III /s/*
FRANK S. CLOWNEY III
Co-Counsel for Plaintiff William J. Cannon

**COMPLAINT FOR DAMAGES**                    7                    **CASENUMBER:**