1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM J. CANNON,

Plaintiff,

v.

AUSTAL USA LLC AND UNITED STATES OF AMERICA,

Defendants.

Case No.:  15cv2582-CAB (BLM)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

**[ECF No. 57]**

Currently before the Court is Plaintiff's February 1, 2017 motion to compel [ECF No. 57-1 ("MTC")] and Defendant's February 8, 2017 opposition to the motion [ECF No. 59 ("Oppo.")]. For the reasons set forth below, Plaintiff's motion to compel is **DENIED**.

**BACKGROUND**

The instant matter was initiated on November 17, 2015 when Plaintiff filed a complaint for negligence pursuant to 46 U.S.C. §§ 742, 781, and 30104, unseaworthiness, maintenance and cure, and LHWCA Section 905(b).  ECF No. 1.  Plaintiff filed an amended complaint on November 24, 2015.  ECF No. 5 ("FAC").  In his FAC, Plaintiff alleges that he sustained several injuries in November 2015 when working aboard the USS Coronado in Mobile, Alabama.  FAC at 3.  The injuries occurred while Plaintiff and three other employees were attempting to pick up and move lifts.  Id.  When one or more of the other employees dropped their side of the lift,

1

1   Plaintiff was left holding an excessive load and injured.  Id.

2   Defendant Austal, USA LLC filed a motion to dismiss Plaintiff's complaint on December

3   11, 2015 [see ECF No. 14] and on December 29, 2015, Plaintiff filed a notice of voluntary

4   dismissal as to Austal USA LLC [see ECF No. 17] which was entered by the Court on that same

5   day.  ECF No. 18.  Defendant USA answered Plaintiff's FAC on January 22, 2016 [see ECF No.

6   21] and filed a third-party complaint against Defendant Austal USA LLC [see ECF No. 22].  On

7   February 17, 2016, Defendant Austal, USA LLC filed a motion to dismiss Defendant USA's third-

8   party complaint or, in the alternative, motion to transfer venue [see ECF No. 33] which was

9   denied on April 11, 2016.  ECF No. 44.  Defendant Austal USA, LLC answered Defendant USA's

10  third-party complaint on April 26, 2016.  ECF No. 49.  The parties filed a joint motion for a

11  protective order on December 12, 2016, which was granted on December 14, 2016.  ECF Nos.

12  52-53.

13  On January 24, 2017, counsel for Plaintiff, Mr. Thomas Discon and Mr. Robert Lansden,

14  counsel for Defendant Austal USA LLC, Mr. Rudy Huerta Lopez, and counsel for Defendant United

15  States of America, Mr. Frank J. Anders and Ms. Vickey L. Quinn, jointly contacted the court

16  regarding two discovery disputes.  ECF No. 54.  In regard to the instant dispute, the Court issued

17  a briefing schedule.  Id.  In accordance with that schedule, the parties timely filed their motion

18  and opposition.  See Id.; see also MTC and Oppo.

19                           **RELEVANT DISCOVERY BACKGROUND**

20  On January 13, 2017, Plaintiff deposed Mr. Danny Wilson, a member of the United States

21  Navy who worked as the lead electrician's mate on the USS Coronado at the time of Plaintiff's

22  injury.  MTC at 3.  During his deposition, Mr. Wilson stated that Plaintiff messaged him sometime

23  in August 2016 asking Mr. Wilson if he recalled Plaintiff's accident.[1]  ECF No. 57-4, Declaration

24  of Thomas M. Discon ("Discon Decl.") at Exh. 1 (deposition transcript of Mr. Wilson) at 32-34

25  Mr. Wilson responded that he did not recall the accident, but could "ask around to people that

26

27  _____

28  [1] According to Plaintiff's MTC, Plaintiff reached out to Mr. Wilson on his own accord and without
    the knowledge of his counsel.  MTC at 3.

2

1  worked back there to see if, you know, they remember anything and they can help you out."

2  Discon Decl. at Exh. 1 at 34 (internal quotations omitted); see also MTC at 3.   During the

3  deposition, Plaintiff's counsel, Mr. Thomas Discon, asked Mr. Wilson for his phone number and

4  defense counsel, Mr. Frank Anders, objected stating that the request involved private

5  information.  Discon Decl. at Exh. 1 at 26.  When Mr. Discon responded that Plaintiff had a right

6  to the information in order to obtain the messages from Sprint, Mr. Anders directed Mr. Wilson

7  not to answer.  Id. at 26-27.  Mr. Discon explained that he was willing to receive the information

8  off the record and agree to the confidentiality of the number for purposes of the litigation.  Id.

9  at 27.  Mr. Anders responded that he would not allow Mr. Wilson to provide the information at

10  that time.  Id.

11        On December 6, 2016, Plaintiff deposed Mr. Michael Gunter.  Mr. Gunter was identified

12  by Mr. Wilson in August 2016 when Plaintiff reached out to Mr. Wilson and asked him if he could

13  identify any other Navy or Austal personnel who may have knowledge of Plaintiff's alleged

14  accident.  MTC at 3; see also Discon Decl. at Exh. 1 at 24, 36-45 and Oppo. at 3.  Mr. Gunter

15  testified that "he had no knowledge of plaintiff's alleged injury."  Oppo. at 3; see also, ECF No.

16  59-1, Declaration of Vickey L. Quinn in Opposition to Plaintiff's Motion to Compel ("Quinn Decl.")

17  at Exh. D (deposition excerpts of Michael Gunter).

18        On January 25, 2017, Plaintiff served a Request for Production of Documents on

19  Defendant USA requesting that Defendant USA produce (1) "any phone text messaging and/or

20  Facebook messenger messaging between Danny Wilson and William Cannon from August 2016,"

21  (2) "any phone text messaging and/or Facebook messenger messaging from Danny Wilson to

22  Calvin Peters from August 2016," and (3) "any phone text messaging and/or Facebook

23  messenger messaging from Calvin Peters to Danny Wilson from August 2016."  Quinn Decl. at

24  Exh. E (Requests for Production of Documents Nos. 55, 58, and 59); see also Oppo. at 4.

25        On February 1, 2017, Plaintiff requested the deposition of Mr. Calvin Peters, another

26  person Mr. Wilson reached out to after messaging with Plaintiff in August 2016.  Oppo. at 3-4;

27  see also Discon Decl. at Exh. 1 at 34-36.

28  ///

15cv2582-CAB (BLM)

1

## PLAINTIFF'S POSITION

2       Plaintiff seeks an order from the Court requiring Defendant USA to produce "all

3   information necessary for [Plaintiff] to subpoena a series of Facebook messages and/or cell

4   phone text message communications between Navy personnel and [Plaintiff], as well as

5   communications between Navy personnel, in which Navy personnel discussed details

6   surrounding [Plaintiff]'s accident."  MTC at 2.  Specifically, Plaintiff wants Mr. Wilson's phone

7   number, his phone service provider at the time of Plaintiff's accident, and his Facebook account

8   login information.  Id. at 6.  Plaintiff is willing to receive this information subject to a protective

9   order.  Id. at 2.  Plaintiff has not requested the desired information in past Requests for

10  Production because he believes that such a request would be futile given that Mr. Wilson is not

11  a party to the litigation and has already testified that the phone he would have used to send the

12  messages at issue was stolen.  Id. at 4.  Plaintiff also seeks an award of the costs, expenses,

13  and reasonable attorneys' fees incurred by the filing of this motion.  Id. at 7.

14

## DEFENDANT USA'S POSITION

15      Defendant USA objects to Plaintiff's request and asks the Court to deny Plaintiff's motion

16  for the following reasons:

17      (1) Plaintiff's request is procedurally deficient as the Motion to Compel came before
        any Request for Production of the documents he now seeks to subpoena straight
18      from the providers; (2) Plaintiff's request is moot since any ruling by the Court
        granting his motion would in all likelihood result in a motion to quash filed by
19      Facebook, as case law demonstrates; and (3) Plaintiff has cited no case law as to
        whether the United States would have the authority to coerce the non-party
20      witnesses to provide their private and highly personal protected information.

21

22  Oppo. at 6.

23

## DISCUSSION

24      The parties contacted the Court about this dispute on January 24, 2017, Plaintiff served

25  the relevant discovery requests on January 25, 2017, and the instant motion was filed on

26  February 1, 2017.  MTC; see also Oppo.  Defendant USA's responses to the discovery requests

27  are due on February 27, 2017.  Oppo. at 5.  Accordingly, Plaintiff's motion to compel is

28  premature.  The Court will not compel Defendant USA to respond to Plaintiff's requests when

4

1   Defendant USA's time to respond to the requests has yet to expire.  As of this moment, there is

2   nothing for the Court to compel.  See Metzler Contracting Co. LLC v. Stephens, 642 F. Supp. 2d

3   1192, 1201 (D. Haw. 2009) (denying plaintiff's motion to compel without prejudice and finding

4   that plaintiff's motion to compel was premature because he filed it before Defendant's response

5   was due); see also Dean v. Gonzales, 2013 WL 506260, at *4 (E.D. Cal. Feb. 8, 2013) (denying

6   pro se plaintiff's motion to compel discovery where plaintiff's motion was filed just four days

7   after he propounded discovery on defendants who had thirty days to serve their answers and/or

8   objections) and Rivera v. Bell, 2007 WL 9635868, at *1 (D. Mont. Oct. 23, 2007) (finding

9   plaintiff's motion to compel to be premature and denying plaintiff's motion to compel "[s]ince

10  30 days had not elapsed from the date of [plaintiff]'s interrogatories until the time he filed his

11  motion to compel [and] the Court [could] not conclude that [defendant] had failed to answer

12  the interrogatories as of the date of [plaintiff]'s motion to compel").  While Plaintiff may be

13  correct that his discovery request does not yield the information he seeks, making the request

14  and the subsequent meet and confer efforts are important aspects of the federal discovery

15  process.  Permitting a party to avoid the task of properly requesting discovery simply because

16  he anticipates that his attempt will be futile, and to seek relief directly through the courts would

17  undermine the Federal Rules and make the discovery process very inefficient and time

18  consuming.  Accordingly, the Court **DENIES** Plaintiff's motion to compel the production of the

19  identified information.  Because Plaintiff apparently has propounded discovery seeking some or

20  all of the identified information, the Court finds it appropriate to raise some additional problems

21  with Plaintiff's current motion.

22        First, Plaintiff has failed to provide any law regarding the scope, procedure, or limitations

23  of the Stored Communications Act and the potential impact of that Act on his discovery requests

24  and intended subpoenas.  Second, Plaintiff has failed to explain how he is going to ensure that

25  he does not receive and review confidential, private, privileged, and/or irrelevant

26  communications belonging to the non-parties when he subpoenas their communications.  Third,

27  Plaintiff has failed to analyze his request in light of Federal Rule of Civil Procedure ("Fed. R. Civ.

28  P.") 26.  The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

1
2
3
4
5

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

6   Fed. R. Civ. P. 26(b)(1).   Here, Plaintiff failed to explain how his request for the information

7   necessary to access the personal text messages and Facebook communications of non-party

8   witnesses who are members of the United States Navy is proportional to the needs of this case.

9   The evidence presented to the Court provides little, if any, support for Plaintiff's implied

10  argument that there are relevant text or Facebook communications as Mr. Wilson merely

11  indicated that after Plaintiff messaged him, he contacted other Navy personnel to see if anyone

12  remembered the incident.   Discon Decl. at Exh. 1 at 34.   Mr. Wilson did not recall anyone

13  remembering the incident, the identified employees - Messrs. Wilson, Gunter and Peters – have

14  been or will be deposed, and Mr. Wilson and Mr. Gunter both denied knowledge of the incident.

15  Discon Decl. at Exh. 1 at 34; see also Quinn Decl. at Exh. D.  As such, Plaintiff has not established

16  the relevance of the requested information nor the proportional need for the information.

17          Because Plaintiff's motion to compel is premature, the Court **DENIES** Plaintiff's motion

18  for discovery and his request for an award of the costs, expenses, and reasonable attorneys'

19  fees incurred by the filing of this motion.   If Plaintiff's current discovery requests are

20  unsuccessful, Plaintiff must address in both his meet and confer efforts and any motion to

21  compel, the issues raised by the Court.

22          **IT IS SO ORDERED.**

23

24  Dated:  2/23/2017

25                                              Hon. Barbara L. Major
                                                United States Magistrate Judge
26

27

28

6

15cv2582-CAB (BLM)