UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM J. CANNON,<br><br>Plaintiff,<br><br>v.<br><br>AUSTAL USA LLC AND UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.: 15cv2582-CAB (BLM)<br><br>**ORDER GRANTING IN PART THIRD PARTY DEFENDANT AUSTAL USA, LLC'S MOTION TO COMPEL**<br><br>**[ECF No. 64]** |
|---|---|

Currently before the Court is Third Party Defendant Austal USA, LLC'S April 4, 2017 motion to compel [ECF No. 64-1 ("MTC")], Defendant United States of America's April 7, 2017 opposition to the motion [ECF No. 65 ("Oppo.")], and Third Party Defendant Austal USA, LLC'S April 11, 2017 reply [ECF No. 69 ("Reply")]. For the reasons set forth below, Austal's motion to compel is **GRANTED IN PART**.

## **BACKGROUND**

On March 30, 2017, counsel for Defendant Austal USA LLC, Mr. Rudy Huerta Lopez, and counsel for Defendant United States of America, Mr. Frank J. Anders, jointly contacted the court regarding a discovery dispute. ECF No. 61. In regard to the dispute, the Court issued a briefing schedule and the parties timely filed their motion, opposition, and reply. See Id.; see also MTC, Oppo, and Reply.

## RELEVANT DISCOVERY BACKGROUND

On January 27, 2017, Austal served seven requests for production (Set 3), nine interrogatories (Set 3), and sixteen requests for admission (Set 4) on Defendant USA via electronic mail and United States First Class Mail. MTC at 2; see also ECF No. 64-2, Declaration of Douglas L. Brown ("Brown Decl.") at Exhibit 1.

Fact discovery closed in the instant matter on February 27, 2017. MTC at 2; see also ECF No. 51 at 2.

On March 1, 2017, Defendant USA objected to the January 27, 2017 discovery requests stating that:

> The United States objects to this request since Austal failed to initiate this request a sufficient period of time in advance of the fact discovery cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Since Austal served this discovery by Mail on the United States on January 27, 2017, the United States has 33 days to serve responses (see Fed.R.Civ.P. 6(d)), which is March 1, 2017. However, the Court's Order dated September 26, 2016, states, "All fact discovery shall be completed by all parties on or before February 27, 2017."Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure." Since Austal failed to provide sufficient time for the United States to serve a response, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure, the United States is not required to provide a response. Although Austal also e-mailed this discovery to counsel for the United States, the United States has never consented in writing nor in any other manner to acceptance of service by electronic means (see Fed.R.Civ.P. 5(b)(2)(E)) for these discovery requests, and therefore this e-mailing does not constitute service by electronic means. For the above-listed reasons, the United States provides no response to this discovery request.

Oppo. at 3-4.

## THIRD PARTY DEFENDANT AUSTAL USA, LLC'S MOTION

Austal seeks an order from the Court requiring Defendant USA "to provide full and complete responses to its requests for production (Set 3) and its interrogatories (Set 3) and

2

deeming its requests for admission (Set 4) admitted because the United States refused to respond within thirty (30) days of service." MTC at 2, 4. Austal argues that Defendant USA incorrectly contends that since it did not consent to electronic service in writing under FRCP 5(b)(E), it was not required to respond to Austal's discovery requests. Id. at 2. Austal argues that by registering as a Filing User for the Court's Case Management Electronic Case Filing System ("CM/ECF") in accordance with Civil Local Rule ("CivLR") 5.4, Defendant USA has consented to electronic service. Id. Austal further argues that since CivLR 5.4d is unambiguous and Defendant USA consented to electronic service for all purposes when it registered for electronic case filing, Austal's January 27, 2017 discovery requests were complete when emailed and Defendant USA's responses were due on February 27, 2017. Id. at 3. Austal reasons that even if CivLR 5.4d did not require Defendant USA to accept electronic service, the fact that Defendant USA has consistently used e-mail to send and receive documents and discovery in this matter estops Defendant USA from arguing that it has not consented to electronic service. Id. at 3-4.

## **DEFENDANT USA'S OPPOSITION**

Defendant USA objects to Austal's request and asks the Court to deny Austal's motion for the following reasons. First, Defendant USA informed the parties in this matter that it "does not accept service by e-mail or fax." Oppo. at 3; see also ECF No. 65-1, Declaration of Vickey L. Quinn ("Quinn Decl.") at Exhibit A. Given Defendant USA's notice, the fact that FRCP 5 requires written consent for electronic service, and that neither CivLR 5.4 nor case law requires Defendant USA to accept electronic service for discovery, Austal's position that Defendant USA impliedly consented to electronic service is incorrect and contrary to the law. Oppo. at 6. Second, the case Austal cites to in support of its position, Greenly v. Lee, 2008 WL 298822 (E.D. Cal. 2008), relies on a local rule for the Eastern District of California that is irrelevant to the instant Southern District matter. Oppo. at 5. Defendant USA contends that a more relevant and applicable case is Carroll v. County of San Diego, 2014 WL 4185530 (S.D. Cal. 2014) where the Court "held that e-mail does not constitute proper service in the absence of written consent" and Judge Sammartino rejected the argument that consenting to using the Court CM/ECF system

constituted consenting to e-mail service. Oppo. at 5. Finally, Defendant USA contends that in order to complete discovery in a timely fashion, Austal had to initiate its discovery early enough that it would be completed in advance of the discovery deadline taking into account time for service, notice, and response which it failed to do. Id. at 3.

### **THIRD PARTY DEFENDANT AUSTAL USA, LLC'S REPLY**

Austal replies that Defendant USA's reliance on Carroll, 2014 WL 4185530 is misplaced because it dealt with service of an amended complaint, not routine discovery, and did not consider whether CivLR 5.4 required consent to "Electronic Service of all documents." Reply at 2.

### **LEGAL STANDARD**

FRCP 5(b)(2)(E) states that a paper is served by "sending it by electronic means if the person consented in writing--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." FRCP 5(b)(2)(E). The rule continues on to say that "[i]f a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)." FRCP 5(b)(3).

CivLR 5.4 states:

a. **Scope of Electronic Case Filing**. Except as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System. Unless otherwise expressly provided in the Court's Electronic Case Filing Administrative Policies and Procedures Manual, the Court's Local Rules, or in exceptional circumstances preventing a registered user from filing electronically, as of November 1, 2006 all petitions, motions, memoranda of law, or other pleadings and documents to be filed with the Court by a registered user in connection with a case assigned to the Electronic Filing System must be electronically filed. Unless otherwise ordered by the Court, all attorneys admitted to practice before the Southern District of California must register for Electronic Case Filing.

b. **Consequences of Electronic Filing**. Electronic transmission of a document to the Electronic Filing System in the manner prescribed by the Court's Administrative Policies and Procedures Manual, together with the transmission of an NEF from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure and the Local Rules of this Court, and constitutes entry of the document on the docket kept by the Clerk in accordance with Fed. R. Civ. P. 58 and 79.

c. **Service of Pleadings and Documents Filed Electronically**. The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document on Filing Users. Parties who are not Filing Users must be served with a copy of any pleading or other document filed electronically in accordance with the Federal Rules of Civil Procedure and these Local Rules. A certificate of service is required when a party electronically files a document, and must state the manner in which service or notice was accomplished on each party.

   d. **Consent to Electronic Service**. Registration as a Filing User constitutes consent to Electronic Service of all documents as provided in this General Order and in accordance with the Federal Rules of Civil Procedures and Federal Rules of Criminal Procedure.

CivLR 5.4

## **DISCUSSION**

The Court finds that CivLR 5.4 governs the service of documents filed on the CM/ECF system and does not encompass discovery that is served on parties without a court filing. Even if registering as a Filing User on CM/ECF and agreeing to electronic service did apply to discovery as Austal argues, CivLR 5.4c states that "[t]he NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document on Filing Users." Here, there is no NEF constituting service of the discovery at issue, because discovery is not intended to be filed on the CM/ECF system. The Court does not find Austal's argument and citation to Greenly to be persuasive as Greenly relies on a Local Rule for the Eastern District of California which is not applicable to the instant matter. 2008 WL 298822 at * 1. Because Defendant USA did not consent in writing to the service of discovery by email and, in fact, clearly stated it would not accept such service, Austal's electronic service is improper and its service by mail is untimely.[1]

Despite Austal's error in attempting to serve its discovery requests on Defendant USA by e-mail, and the Court's requirement that parties to take into account the time for service and response when propounding discovery, the Court finds that in the interests of justice and

---

[1] In addition to serving the requests by e-mail, Austal served the discovery by United States First Class Mail on January 27, 2017 before the end of fact discovery which closed on February 27, 2017. MTC at 2. This means that Defendant USA's responses to the discovery were due thirty-three days later on March 1, 2017, **two days** after the close of discovery. Oppo. at 4; see also FRCP 6(d).

fairness, Defendant USA must respond to the discovery requests at issue. See <u>Bonavito v. Nevada Prop. 1 LLC</u>, 2014 WL 5364077, at *4 (D. Nev. Oct. 21, 2014) (stating that since "[t]he failure to account for 33 days to respond here was not excessive [] the Court would likely have been inclined to excuse the failure" if plaintiff had not waited so long to file his motion to compel) (citing <u>Bishop v. Potter</u>, 2010 WL 2775332 (D. Nev. July 14, 2010) ("[w]hile discovery requests should generally be served at least 33 days prior to the close of discovery, this requirement is not absolute. The Court can excuse the failure ... if it is not excessive.")). Accordingly, Austal's motion is **GRANTED IN PART**. Defendant USA must serve its responses, and may assert appropriate objections, to Austal's seven requests for production (Set 3), nine interrogatories (Set 3), and sixteen requests for admission (Set 4) on or before **May 12, 2017**. Austal's request that the Court deem its sixteen requests for admission (Set 4) admitted is **DENIED**.

**IT IS SO ORDERED.**

Dated: 4/14/2017

Hon. Barbara L. Major
United States Magistrate Judge