UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. CANNON,<br><br>            Plaintiff,<br><br>v.<br><br>AUSTAL USA LLC AND UNITED STATES OF AMERICA,<br><br>            Defendants. | Case No.: 15cv2582-CAB (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 62]** |

Currently before the Court is Plaintiff's April 3, 2017 motion to amend scheduling order [ECF No. 62-1 ("Mot.")], Third Party Defendant Austal USA, LLC'S April 10, 2017 response [ECF No. 66 ("Response")], Defendant United States of America's April 11, 2017 opposition to the motion [ECF No. 68 ("Oppo.")], and Plaintiff's April 18, 2017 Reply [ECF No. 71 ("Reply")]. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

On April 3, 2017, Plaintiff filed an "Ex Parte Motion to Amend Scheduling Order." ECF No. 62. The Court issued a briefing schedule on April 4, 2017. Id. In accordance with that schedule, the parties timely filed their motion, opposition, response, and reply. See Id.; see also Mot., Oppo., Response, and Reply.

///

**RELEVANT DISCOVERY BACKGROUND**

On June 20, 2016, Defendant Austal responded to Defendant USA's Interrogatories, Set One which asked Austal to identify all "personnel working with Plaintiff at the time of the alleged incident." Mot. at 9; see also ECF No. 62-2, Declaration of Thomas M. Discon in Support of Complainant, William J. Cannon's Ex Parte Motion ("Discon Decl."), at Exh. 5. Defendant Austal responded "[n]one. According to Plaintiff's complaint he 'was attempting to pick up and move lifts with three Navy personnel...'" Id.

On July 29, 2016, Plaintiff propounded Interrogatories on Austal requesting "the names, addresses, telephone numbers, social security numbers, driver's license numbers and position of each and every person known to Defendant, who may have any knowledge of the facts relevant to this lawsuit." Mot. at 8-9; see also Discon Decl. at Exh. 4. Austal responded on August 31, 2016 with the names of four individuals. Id.

On August 25, 2016, Plaintiff served Defendant USA with requests for production of documents which sought "[e]very accident report, report of first injury, illness and/or ailment report, and/or root cause analysis report with respect to complainant, which was made by any agent, employee, or representative of any party or insurer or any party designated above or any governmental agency." Mot. at 15-16; see also Discon Decl. at Exh. 11. Defendant USA objected to the request and stated that it had "no documents responsive to this request." Id.

On December 27, 2016, Defendant Austal responded to Defendant USA's Interrogatories, Set Two which asked Austal to identify "all of your personnel who were aboard the U.S.S. CORONADO (LCS-4) at any time on November 25, 2013" and "all of your Safety Officers who were assigned to U.S.S. CORONADO (LCS-4) at any time from August 7, 2013 through and including November 25, 2013." Mot. at 9; see also Discon Decl. at Exh. 6. Defendant Austal objected to the requests, but listed seventeen names. Id.

On February 17, 2017, Austal served First Supplemental Initial Disclosures which included twenty-three new fact witnesses. Mot. at 14; see also Discon Decl. at Exh. 9. On February 24, 2017, Austal served Corrected First Supplemental Initial Disclosures that narrowed the twenty-three witnesses down to seven witnesses including Tony Ardito, Susan Brigitha, Dan Goergen,

2

Dave Growden, Thomas "Tommy" Mendiola, Paul Quinn and Steve Williamson. Mot. at 14; see also Discon Decl. at Exh. 10. Fact discovery closed on February 27, 2017. ECF No. 51 at 2.

After investigating on his own, Plaintiff discovered the identity of Ms. Felicia London, a female safety officer employed by Austal, who took a report of Plaintiff's accident on November 25, 2013.[1] Mot. at 11-12. On March 27, 2017, counsel for Plaintiff contacted Ms. London and got a sworn and notarized statement from her indicating:

> (1) that she was aboard the USS Coronado on the date of Complainant, Mr. Cannon's, accident; (2) that she witnessed Mr. Cannon, several Austal employees and Naval personnel surrounding the ramp extension at issue in this case immediately following the accident herein; (3) that Mr. Cannon informed her that he sustained an injury in an accident; (4) that she noted the names of inviduals involved in the accident, including Naval officers; (5) that she informed all witnesses at that time of their obligation to furnish a statement concerning Mr. Cannon's accident; (6) that she attempted to collect said statements from Naval officers in the SUPSHIP Naval building, but did not collect any; (7) that she completed an incident report concerning Mr. Cannon's accident, which she printed and saved on the safety office computer; and (8) that she placed a copy of said incident report in a fellow safety officer, Timothy "Blake" Thomas's, file for review.

Id. at 12; see also Discon Decl. at Exh. 8.

On March 29, 2017, Plaintiff's counsel met and conferred with counsel for Austal. Mot. at 4; see also Discon Decl. at Exh. 2. Austal did not oppose Plaintiff's request to reopen discovery, but reserved its right to object or oppose further discovery until after Plaintiff served it with formal discovery requests. Id. Counsel for Defendant USA declined to participate in the meet and confer. Id.

## PARTIES' POSITIONS

Plaintiff seeks an order from the Court amending the scheduling order and reopening discovery. Mot. Plaintiff requests that he be permitted to depose nine additional witnesses[2],

---

[1] Plaintiff does not state the date on which he discovered Ms. London's identity; he only states that his counsel contacted her immediately upon receipt of her information. Mot. at 11-12.

[2] The witnesses are Felicia London, Timothy "Blake" Thomas, Tony Ardito, Susan Brigitha, Dan Goergen, Dave Growden, Thomas "Tommy" Mendiola, Paul Quinn and Steve Williamson. Mot. at 14, 17.

3

discover the records of Austal and Defendant USA based on the signed affidavit of one of the witnesses, and be given the "opportunity to discover the identities of any and all SUPSHIP personnel who may have any knowledge of Mr. Cannon's accident and accordingly conduct their depositions." Id. at 15. Fact discovery in this matter closed on February 27, 2017. ECF No. 51 at 2. Plaintiff argues that the additional discovery should be permitted after the discovery deadline because seven of the nine witnesses were disclosed by Austal "immediately prior to the fact discovery deadline" which prevented Plaintiff's counsel from timely deposing the additional witness. Mot. at 2-3. Plaintiff further argues that Defendant USA "failed to disclose the involvement of the SUPSHIP office and/or SUPSHIP personnel in Complainant's accident" and as such, he should be given additional time to conduct discovery on this issue. Id. at 15. Finally, Plaintiff argues that he could not have discovered theses additional areas of inquiry prior to the February 27, 2017 discovery deadline. Id. at 16.

Defendant USA opposes Plaintiff's motion noting that it was filed more than one month after the close of fact discovery and after the filing of expert reports. Oppo. at 2. Defendant USA contends that Plaintiff has failed to meet the good cause standard required for re-opening discovery and to present any factual or legal basis in support of his motion. Id. at 3-4. Defendant USA further contends that Plaintiff never mentioned a female safety officer in his deposition[3] and that he had the entire period of discovery to try and find the name and location of the security officer. Id. at 6. Defendant USA notes that since Plaintiff has spoken with Ms. London and obtained her affidavit, re-opening discovery for her deposition "is a mere pretext." Id. Defendant USA contends that if Plaintiff took issue with Austal's untimely disclosures, Plaintiff should have filed a discovery motion which would have been due on March 24, 2017 in accordance with the Court's scheduling order [see ECF No. 51]. Id. at 7. If this is a disclosure issue as opposed to a discovery issue, an appropriate motion, such as a motion to exclude such witnesses, can be filed at a later time as Austal should also not benefit from its late disclosure.

---

[3] One of the witnesses Plaintiff seeks to depose is Ms. Felicia London, a female safety officer alleged to have made a report regarding Plaintiff's accident on November 25, 2013. Mot. at 11-13.

4

Id. at 8. Defendant USA states that it satisfied its initial disclosure duties and timely supplemented those disclosures. Id. Finally, Defendant USA contends that (1) Plaintiff has not diligently pursued discovery, (2) re-opening discovery will prejudice Defendant USA, and (3) all remaining pre-trial dates will be affected. Id. at 9-10.

Austal responds that it does not oppose Plaintiff's motion "so long as the amended scheduling order also permits Austal to take a supplemental deposition of Plaintiff William J. Cannon on the same day any other depositions are taken of current or past employees of Austal in Mobile, Alabama." Response at 2.

Plaintiff replies that he has been diligent in conducting discovery and that had Austal and Defendant USA disclosed the names of the witnesses and SUPSHIP personnel in their Initial Disclosure as required, Plaintiff would have completed discovery before the deadline expired. Reply at 3-4. Plaintiff notes that his accident occurred two years before he initiated the instant matter and that he failed to identify Ms. London due to a "true memory lapse as a result of the passage of time." Id. at 6.

## **LEGAL STANDARD**

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 51 at 8 (stating that the dates set forth in the CMC Order regulating discovery and other pretrial proceedings "will not be modified except for good cause shown"). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

In addition to being required to establish good cause, a party moving to extend time after a scheduling order deadline has passed must demonstrate excusable neglect. Mireles v. Paragon

5

15cv2582-CAB (BLM)

Sys., Inc., 2014 WL 575713, at *2 (S.D. Cal. Feb. 11, 2014) (citing Weil v. Carecore Nat'l, LLC, 2011 WL 1938196, at *2 (D. Colo. May 19, 2011)); see also Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."). The following factors are considered in determining whether there has been excusable neglect: the danger of prejudice to the non-moving party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the moving party's conduct was in good faith. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993).

## **DISCUSSION**

Because the Court already has issued a scheduling order and the deadline at issue has passed, Plaintiff must demonstrate good cause and excusable neglect in order to have the deadline amended. Plaintiff has failed to do so. As stated, good cause turns on the reasonable diligence of the party seeking the amendment. Noyes, 488 F.3d at 1174 n.6. Plaintiff became aware of the seven additional witnesses on February 17, 2017. Mot. at 14. At that point in time, Plaintiff had ten days in which to file a motion with the Court seeking to continue the February 27, 2017 fact discovery deadline, but failed to do so. The subject of the additional witnesses was raised again on February 24, 2017 when Austal corrected its supplemental disclosures, and Plaintiff again failed to seek an extension of the discovery deadline prior to its expiration. Instead, Plaintiff chose to wait for forty-five days (and after discovery closed) before filing a motion to amend the scheduling order to re-open discovery. Plaintiff offers no explanation for this delay which does not demonstrate reasonable diligence. Plaintiff also fails to provide any details surrounding his discovery of Ms. London or how long he waited between finding Ms. London and seeking additional time to take her deposition. Mot. Plaintiff merely states that upon learning that Ms. London was a safety officer on the date of Plaintiff's accident and that she was no longer employed by Austal, he contacted her "[i]mmediatley." Mot. at 12.

While Plaintiff was not diligent in seeking a continuance of the discovery deadline, the fact of the matter is that such a motion may not have been necessary had Austal supplemented

6

15cv2582-CAB (BLM)

its initial disclosures earlier than ten days before the discovery deadline was set to expire. Additionally, Plaintiff's allegations regarding the failure of either Defendant to disclose the identity of Ms. London or the involvement of the SUPSHIP office and/or personnel are concerning and something that does not speak to Plaintiff's diligence or lack thereof. Finally, it appears that Plaintiff learned of Ms. London's identity after fact discovery closed and that she has relevant information that is proportional to the needs of the case. Granting Plaintiff's request will have an impact on the timing of the judicial proceedings and may result in additional discovery for all parties, but the reasons provided for the request, the fact that most of those reasons were not in Plaintiff's control, and the lack of any reason for the Court to believe that Plaintiff's actions were not taken in good faith, demonstrate excusable neglect on Plaintiff's part.

In light of the representations that have been made, Austal's lack of opposition, Plaintiff's excusable neglect, and in the interest of fairness, Plaintiff's request to reopen discovery is **GRANTED**. The remaining case deadlines are amended as follows:

|  | **Current Date** | **New Date** |
|---|---|---|
| Completion of Fact Discovery | February 27, 2017 | June 30, 2017 |
| Amended Expert Reports |  | July 20, 2017 |
| Amended Rebuttal Expert Reports |  | August 10, 2017 |
| Completion of Expert Discovery | May 1, 2017 | September 1, 2017 |
| Mandatory Settlement Conference | June 28, 2017 at 9:30 a.m. | September 8, 2017 at 9:30 a.m. |
| Confidential Statements | June 19, 2017 | August 25, 2017 |
| Pretrial Motions | June 5, 2017 | September 15, 2017 |
| <u>Daubert</u> Motions | June 5, 2017 | September 15, 2017 |
| Memorandum of Facts and Law | September 22, 2017 | November 10, 2017 |
| Expert Pretrial Disclosures | September 22, 2017 | November 17, 2017 |
| Meet and Confer | September 29, 2017 | November 24, 2017 |

| | | |
|---|---|---|
| Plaintiff's Counsel Provides Proposed Pretrial Conference Order | October 6, 2017 | December 1, 2017 |
| Lodging of Proposed Final Pretrial Conference Order | October 13, 2017 | December 8, 2017 |
| Final Pretrial Conference | October 20, 2017 at 2:30 p.m. | December 15, 2017 at 2:00 p.m. |
| Trial Date | | January 22, 2018 at 8:45 a.m. |

All other guidelines and requirements remain the same. See ECF Nos. 46, 51.

**IT IS SO ORDERED**.

Dated: 4/25/2017

Hon. Barbara L. Major
United States Magistrate Judge