UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM J. CANNON, | Case No.: 15CV2582-CAB(BLM) |
|---|---|
| Plaintiff, | **ORDER DENYING AS MOOT PLAINTIFF'S UNOPPOSED MOTION TO ALTER BRIEFING SCHEDULE AND DENYING MOTION FOR LEAVE TO DEPOSE PLAINTIFF'S TREATING PHYSICIANS FOR TRIAL PURPOSES AFTER THE CLOSE OF EXPERT DISCOVERY** |
| v. | |
| AUSTAL USA LLC AND UNITED STATES OF AMERICA | |
| Defendants. | |
| | **[ECF Nos. 76, 81]** |

On May 8, 2017, Plaintiff filed an "UNOPPOSED MOTION TO ALTER BRIEFING SCHEDULE." ECF No. 76-1. In that motion, Plaintiff seeks to continue the deadline for filing a motion to take a late deposition from May 12, 2017, to one week after the District Judge issues a ruling on his anticipated "Motion for Protective Order and/or Limine Allowing Complainant to Use Depositions of Complainant's Treating Doctors at Trial." Id. at 3. Plaintiff is seeking the extension because under the current schedule, he could "incur significant expense taking

1

depositions of treating doctors" for trial purposes, only to later find out that the doctors are required to personally attend the trial. Id. at 2.

On May 8, 2017, Defendant USA filed a "REQUEST FOR BRIEFING SCHEDULE TO FILE RESPONSE TO" Plaintiff's motion. ECF No. 77. Defendant USA requested two weeks to respond to Plaintiff's motion "[u]less the Court sees fit to deny this request without briefing." Id. at 2. On May 10, 2017, the Court issued an order giving Defendant USA until May 17, 2017 to respond to Plaintiff's motion. ECF No. 79.

On May 12, 2017, Plaintiff filed a "MOTION FOR LEAVE TO DEPOSE COMPLAINANT'S TREATING PHYSICIANS FOR TRIAL PURPOSES AFTER THE CLOSE OF EXPERT DISCOVERY." ECF No. 81-1. Plaintiff seeks permission to depose his treating physicians after expert discovery has closed[1] and closer to the time trial is scheduled to begin.[2] Id. at 3. In support, Plaintiff argues that he is still undergoing treatment for his injuries and that taking his treating physicians' depositions now would be premature. Id. Plaintiff notes that if the depositions take place too early, follow-up depositions may be required resulting in unnecessary expense. Id. In further support, Plaintiff argues that he intends to file A "Motion for Protective Order and/or Limine Allowing Complainant to Use Depositions of Complainant's Treating Doctors at Trial" before District Judge Bencivengo, since he will be unable to compel the physicians, who reside and work in Alabama and Louisiana, to testify at trial. Id. at 2.

On May 16, 2017, Defendant USA filed a "RESPONSE TO PLAINTIFF'S MOTION TO 'ALTER BRIEFING SCHEDULE'." ECF No. 82. Defendant USA contends that Plaintiff's motion should be denied because Plaintiff's motion would allow him to "upend discovery and trial preparation by untethering the date [for completing expert discovery] and 'moving' it to an entirely non-fixed, unascertainable date that potentially could be, quite literally, the eve of trial." Id. at 2. Defendant USA further contends that Plaintiff's desire to save money on depositions where live

---

[1] Expert discovery closes on September 1, 2017. ECF No. 72 at 7.

[2] Trial is currently scheduled to begin on January 22, 2018. ECF No. 72 at 8.

testimony may be required at trial "is a tactical consideration that *all* parties face" and not a reason for altering the Court's scheduling order or prejudicing other parties. Id. at 7 (emphasis in original). Defendant USA notes that Plaintiff's motion does not contain any affidavits, declarations, or exhibits and relies solely on the unsworn arguments of counsel. Id. at 2. Defendant USA also notes that Plaintiff could have chosen to retain medical experts in or near the Southern District of California where the case is being heard and that there is a disconnect in Plaintiff's pleadings as the instant motion refers to the doctors at issue as treating physicians, whereas his Rule 26 disclosures and previous representations to the Court describe the doctors as experts, which is an important distinction because experts and treating physicians are permitted to testify about different things at trial. Id. at 2-3. Finally, Defendant USA notes that Plaintiff has the ability to depose the doctors before the close of discovery and he needs to choose to do so or not, but altering the scheduling order so that he may potentially take the depositions on the eve of trial is not appropriate and is highly prejudicial. Id. at 7.

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 46 at 10 (stating that dates and times "will not be modified except for good cause shown"). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

Plaintiff's "UNOPPOSED MOTION TO ALTER BRIEFING SCHEDULE" is **DENIED AS MOOT**. Plaintiff filed a timely motion to take a late deposition on May 12, 2017 and, therefore, no longer needs to continue the deadline for filing such a motion. See ECF No. 81.

Plaintiff's "MOTION FOR LEAVE TO DEPOSE COMPLAINANT'S TREATING PHYSICIANS FOR TRIAL PURPOSES AFTER THE CLOSE OF EXPERT DISCOVERY" is **DENIED**. While Plaintiff was diligent in filing his motion prior to the expiration of the discovery deadline, the Court finds that the degree of prejudice to the opposing parties would be very high if the Court were to grant Plaintiff's motion. Plaintiff does not offer a date certain by which the depositions would be taken and has yet to file a motion in front of District Judge Bencivengo to assist him in determining whether or not he wants to risk "incur[ring] significant expense taking depositions of treating doctors" for trial purposes, only to later find out that the doctors are required to personally attend the trial. ECF No. 76-1 at 2. The Court sets deadlines so that cases can proceed in an orderly fashion and all parties will know what to expect and how to plan their cases. Accordingly, the Court will not grant a request for a party to take a deposition whenever they want prior to trial. The Court is aware that Plaintiff may incur some additional expenses if he deposes his doctors and then needs to later update those depositions or fly the doctors to California to testify live at trial, however, those are the risks and costs associated with the litigation process and cannot be avoided by amending the scheduling order in such a way that will benefit Plaintiff and prejudice Defendants.

**IT IS SO ORDERED**.

Dated: 6/2/2017

Hon. Barbara L. Major
United States Magistrate Judge