UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM J. CANNON,

                                    Plaintiff,

v.

AUSTAL USA LLC AND UNITED STATES OF
AMERICA,

                                    Defendants.

Case No.:  15cv2582-CAB (BLM)

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL DEPOSITIONS
OR INCREASE NUMBER OF
DEPOSITIONS TO TWENTY**

**[ECF No. 85]**

        Currently before the Court is Plaintiff's May 30, 2017 motion to compel depositions or, in
the alternative, increase number of depositions by a party to twenty and to award reasonable
attorneys' fees [ECF No. 85-1 ("MTC")], Defendant USA's June 2, 2017 opposition to the motion
[ECF No. 87 ("USA Oppo.")], Defendant Austal's June 6, 2017 opposition to the motion [ECF No.
90 ("Austal Oppo.")], Plaintiff's June 6, 2017 Reply [ECF No. 89 ("Reply")], and Plaintiff's June
8, 2017 Reply [ECF No. 91 ("Reply 2")].  For the reasons set forth below, Plaintiff's motion is
**GRANTED IN PART AND DENIED IN PART**.

<u>**RELEVANT DISCOVERY BACKGROUND**</u>

        On April 3, 2017, Plaintiff filed a motion to amend the scheduling order which was granted
on April 25, 2017.  ECF Nos. 62, 72.  In the motion, Plaintiff sought to amend the scheduling
order and reopen discovery.  ECF No. 72 at 3.  Plaintiff wanted to depose nine additional
witnesses[1] based on the signed affidavit of one of the witnesses, Ms. Felicia London, and be

---

[1] The witnesses were Felicia London, Timothy "Blake" Thomas, Tony Ardito, Susan Brigitha, Dan

1

given the "opportunity to discover the identities of any and all SUPSHIP personnel who may have any knowledge of Mr. Cannon's accident and accordingly conduct their depositions." Id. at 4 (citing ECF No. 62 at 15). The Court granted Plaintiff's motion on April 25, 2017 despite finding that he "was not diligent in seeking a continuance of the discovery deadline" because the motion may not have been necessary if Defendant Austal had timely supplemented its initial disclosures, and because of Plaintiff's allegations regarding the failure of either Defendant to disclose the identity of Ms. London or the involvement of the SUPSHIP office and/or personnel. Id. at 6-7.

On May 16, 2017, Plaintiff deposed Ms. London. ECF No. 87-1, Declaration of Frank J. Anders ("Anders Decl.") at 2, Exh. B.

On May 26, 2017, counsel for Plaintiff, Mr. Thomas Discon and Mr. Robert Lansden, counsel for Defendant Austal USA LLC, Mr. Douglas Lee Brown, and counsel for Defendant USA, Mr. Frank Anders, jointly contacted the court regarding issues related to depositions. ECF No. 84. Regarding the dispute, the Court found it appropriate to issue a briefing schedule. Id. The parties timely filed their motion, oppositions, and reply. MTC, USA Oppo., Austal Oppo., Reply and Reply 2.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

---

Goergen, Dave Growden, Thomas "Tommy" Mendiola, Paul Quinn and Steve Williamson. ECF No. 62 at 14, 17.

District courts have broad discretion to determine relevancy for discovery purposes. <u>See</u> <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. <u>See</u> Fed. R. Civ. P. 26(b)(2)(c)(i-iii)(instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

**ANALYSIS**

**A.    TEN DEPOSITION LIMIT**

   1.    Legal Standard

Fed. R. Civ. P. 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30 states that a "party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants." Fed. R. Civ. P. 30(a)(2)(A)(ii).

   2.    Joint Discovery Plan Language

The Court's Notice and Order for Early Neutral Evaluation Conference and Case Management Conference states that "[a]greements made in the Joint Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Case Management Order." ECF No. 23 at 4. Here, the parties' Joint Discovery Plan confirms that the parties (Plaintiff and Defendant USA) contemplated extending the ten deposition limit to fifteen. ECF No. 34. However, it is unclear if the parties agreed that more than ten depositions could be taken as a matter of course or if it would only be permitted "should it become necessary." <u>Id.</u> at 4.    If it is the later, the parties failed to define or explain under what circumstances additional depositions would be considered necessary.    Specifically, page four of the parties'

3

Joint Discovery Plan states:

> Plaintiff and the United States have agreed to extend the limit of depositions to 15 per party **should it become necessary**.

Id. at 4 (emphasis added).  Page six of the parties' Joint Discovery Plan states:

> The parties do not propose any limitations on discovery but have **agreed to modify the number of depositions taken by each party to 15**.  The parties have not identified any discovery disputes as of this date.

Id. at 6 (emphasis added).  Defendant Austal contends that it did not approve the Joint Discovery Plan submitted by Plaintiff and that Plaintiff's counsel did not send a copy of the plan to its counsel when the proposed plan was submitted to Defendant USA for comment.  Austal Oppo. at 3-4.  The Court notes that while Defendant Austal did not sign off on the Joint Discovery Plan, it reentered the instant matter before the plan was filed with the Court and did not oppose or contest the plan that was emailed to Austal's counsel of record, Mr. Douglas Brown, Mr. Matthew Bauer, and Mr. Rudy Lopez at 12:48 p.m. on February 19, 2016.  ECF No. 34.  In addition, Defendant Austal has access to the docket, the Joint Discovery Plan, and the Court's orders.  If Defendant Austal objected to the increased number of depositions, it could have filed an appropriate motion when it officially entered the case in early 2016.

    3.    Parties' Positions

Plaintiff seeks an order from the Court compelling the depositions of Captain Kochendorfer, Mr. Joseph Avirett, Ms. Lisa Vinson, and Mr. Leslie McCoy.[2]  MTC at 7.  Alternatively, Plaintiff requests that if the Court finds that Plaintiff has exceeded the number of permitted depositions, that the number of depositions for each party be increased to twenty.  Id. at 1.  Plaintiff argues that while the maximum number of depositions allowed under Fed. R. Civ. P. 30 is ten, the parties agreed in the Joint Discovery Plan to extend the limit to fifteen

---

[2] Plaintiff's motion refers to Leslie McCoy as Ms.  MTC at 7.  Plaintiff's second reply refers to Leslie McCoy as Mr.  Reply 2.  Defendant Austal's opposition to the motion refers to Leslie McCoy as Mr.  Austal Oppo. at 3.  Defendant USA refers to Leslie McCoy as Ms.  USA Oppo. at 13.

4

depositions.  Id. at 2.  Plaintiff also argues that he only has taken the lead in ten noticed depositions and that the three depositions which he cross-noticed were originally noticed by Defendant USA and should not count against his limit of fifteen depositions.  Id. at 4-5.  Plaintiff requests that the Court allow him to take two additional depositions if the three cross-noticed depositions are counted against his fifteen.  Id. at 5.

Defendant USA contends that there "is no justifiable reason for plaintiff to take more than ten depositions in this straightforward personal injury case."  USA Oppo. at 8.  Defendant USA further contends that the Joint Discovery Plan states that "Plaintiff and the United States have agreed to extend the limit of depositions to 15 per party should it become necessary" and that Defendant USA "firmly believes" that fifteen depositions are not only unnecessary, but "wholly inappropriate."  Id. at 11.

Defendant Austal contends that Plaintiff has taken all of the depositions it is permitted to take under Fed. R. Civ. P. 30 and must obtain leave of Court before taking any additional depositions.  Id.

4.  Analysis

No party has cited any statue, rule, or case law addressing the issue of whether or not cross noticing a deposition counts towards a party's ten deposition limit under the Federal Rules. See MTC, USA Oppo., Austal Oppo. Reply, and Reply 2.   However, even if the three crossed noticed depositions were to count against Plaintiff's deposition limit, Plaintiff has not exceeded his deposition limit as the Court finds that in the Joint Discovery Plan, the parties have agreed to increase the number of depositions permitted to be taken by each party to fifteen.  Here, even counting the cross noticed depositions, Plaintiff has only used thirteen of his fifteen depositions.  As explained in more detail below, Plaintiff is being granted permission to take two additional depositions, meaning that he will still be within his fifteen permitted depositions.

Plaintiff's request to increase the deposition limit to twenty is **DENIED**.

///

///

///

**B.  REQUESTED DEPOSITIONS**

1.  <u>Captain Kochendorfer</u>

Plaintiff seeks an order from the Court compelling the deposition of Captain Kochendorfer. Plaintiff argues that the deposition of Captain Kochendorfer, the commander and lead safety officer of the vessel where the accident took place, is "relevant from a safety standpoint."  MTC at 6.

Defendant USA contends that six Navy personnel already have testified that they knew nothing about Plaintiff's alleged injury or the dropping of the side door ramp.  USA Oppo. at 9-10.  Defendant USA objects to the deposition of Captain Kochendorfer because no accident was reported to the Navy or SUPSHIP concerning Plaintiff and, therefore, asking Captain Kochendorfer questions about safety and accident reporting procedures is "a dead-end street" and irrelevant.  <u>Id.</u> at 11.  Additionally, Captain Kochendorfer does not have any knowledge of Plaintiff's accident.  <u>Id.</u>  Defendant USA contends that the deposition is not proportional to the needs of the case as Plaintiff has provided no evidence that any Navy personnel have knowledge of Plaintiff's injuries or that the ramps were dropped.  <u>Id.</u> at 12.  In contrast, Defendant USA has presented Navy witness, Chief Karl Otto, who testified that "the accident could *not* have occurred because the ramp extensions were stowed on the date of the alleged injury" and its supplemental initial disclosures and discovery responses make it "crystal clear" that no one in the Navy has any knowledge regarding Plaintiff's accident.  <u>Id.</u> (emphasis in original); <u>see</u> <u>also</u> Anders Decl. at Exhs. I-M.  Defendant USA also contends that the burden and expense of deposing of Captain Kochendorfer far outweighs the likely benefits and that Plaintiff can obtain the information from more convenient, less burdensome and less expensive sources.[3]  <u>Id.</u> at 12-13.  Captain Kochendorfer is stationed in Florida and travels extensively for work.  <u>Id.</u> at 12. Deposing him will require counsel for Defendant USA to travel across the county for a deposition that is likely to last for less than an hour.  <u>Id.</u> at 13.

---

[3] Defendant USA asks that if the Court allows Plaintiff to depose Captain Kochendorfer that the questioning be limited to the subjects requested by Plaintiff in his motion.  USA Oppo. at 11.

Plaintiff argues that the deposition of Captain Kochendorfer is relevant as accident reporting procedures are relevant to the facts of this case, and "illustrate the prejudice suffered by [Plaintiff] in being able to prove his case in chief." Reply at 6-7. The purpose of the deposition is not only to discover the accident reporting procedures of Defendant USA, but also to learn about vessel safety, standards and procedures. Id. at 7. Plaintiff notes that witness testimony supports his position that an accident occurred and that he reported the accident to his supervisor immediately following the accident. Id. Specifically, Mr. Conrad Harris, Plaintiff's supervisor testified that Plaintiff initially reported his accident to him and that he directed Plaintiff to go to the Austal safety department and complete an accident report which Plaintiff did. Id. at 7, Exh. 5.

Plaintiff's request to depose Captain Kochendorfer is **DENIED**. Plaintiff has not provided anything other than generalities and speculation to support his request to depose Captain Kochendorfer, a high-ranking official with no knowledge of this alleged incident. Moreover, to the extent Plaintiff is seeking information that it "relevant from a safety standpoint" and /or about vessel safety, standards, and procedures, Plaintiff will be able to do so from Mr. Avirett.

2.   Mr. Joseph Avirett

Plaintiff seeks an order from the Court compelling the deposition of Mr. Avirett. MTC at 6. Plaintiff argues that the deposition of Mr. Avirett, who is responsible for general safety practices for SUPSHIP and the United States, is "relevant from a safety standpoint." Id. at 6.

Defendant USA contends that Mr. Avirett should not be deposed for the same reasons Captain Kochendorfer should not be deposed. USA Oppo. at 11-12.

Plaintiff's reply regarding Mr. Avirett mirrors his reply regarding Captain Kochendorfer. Replay at 6-8.

Plaintiff's request to depose Mr. Avirett is **GRANTED**. Mr. Avirett's testimony regarding general safety practices for SUPSHIP and the United States, accident investigation, safety policy/practices, and safety investigation practices when accidents aboard the USS Coronado are properly reported by Austal is relevant under Fed. R. Civ. P. 26. However, Plaintiff counsel's questioning of Mr. Avirett is limited to the topics listed on page six of Plaintiff's motion.

3.    <u>Ms. Lisa Vinson</u>

Plaintiff argues that the deposition of Ms. Vinson, who is employed by Defendant Austal as safety personnel, is relevant to Plaintiff's "claim from a safety perspective with respect to Austal, as well as in regards to the accident report concerning Mr. Cannon's accident involved herein." MTC at 6-7.

Defendant USA contends that Plaintiff already has deposed the head of safety at Austal, Mr. Chris Blankenfeld, the Senior Manager of Health, Safety and Environmental, about the accident and safety reporting procedures and that deposing Ms. Vinson would be duplicative and cumulative. USA Oppo. at 9, 14. Defendant USA notes that Mr. Blankenfeld testified that Ms. Vinson told him that she did not know anything about Plaintiff's alleged injury. <u>Id.</u>; <u>see</u> <u>also</u> Anders Decl. at Exh. E at 36-37. Defendant USA further objects to the deposition because Plaintiff has known about Ms. Vinson for a very long time and has waited until now to try and take her deposition and because the deposition is not proportional to the needs of the case. USA Oppo. at 16. Finally, Defendant USA contends that deposing Ms. Vinson would result in undue burden and expense as counsel for Defendant USA will be required to travel from San Francisco to Mobile, Alabama for the deposition, only to cover issues that have already been addressed via Mr. Blankenfeld's deposition. <u>Id.</u>

Defendant Austal contends that Ms. Vinson should not be deposed as Plaintiff has failed to provide "any credible reason why" she should be deposed. Austal Oppo. at 3. Defendant Austal notes that Ms. Vinson was not identified by Plaintiff in his deposition or in any witness disclosures or as a person who investigated Plaintiff's injury. <u>Id.</u> Defendant Austal further notes that Plaintiff already has taken or attended the depositions of nine other current or former Austal employees, including the head of Austal's safety department. <u>Id.</u>

Plaintiff's request to depose Ms. Vinson is **DENIED**. Plaintiff has failed to establish that Ms. Vinson's deposition is relevant and proportional to the needs of the case. Plaintiff's only argument in support of deposing Ms. Vinson is that her testimony "is relevant to Complainant's claim from a safety perspective with respect to Austal, as well as in regards to the accident report concerning Mr. Cannon's accident involved herein." MTC at 7. No additional explanation

8

or argument in support of deposing Ms. Vinson is provided in Plaintiff's first or second reply which again merely repeat the statement quoted above from the motion or state that her testimony "is relevant to Complainant's claim in regard to safety and overall accident reporting and investigation procedures" without providing any support for that statement. Reply at 9; see also Reply 2.

    4.   <u>Mr. Leslie McCoy</u>

Plaintiff argues that the deposition of Mr. McCoy, who is employed by Defendant Austal as safety personnel, is relevant to Plaintiff's "claim from a safety perspective with respect to Austal, as well as in regards to the accident report concerning Mr. Cannon's accident involved herein." MTC at 6-7.

Defendant USA objects to the deposition of Mr. McCoy as duplicative and cumulative. USA Oppo. at 14. Defendant USA notes that Mr. Chris Blankenfeld, the Senior Manager of Health, Safety and Environmental at Austal has already been deposed and that he oversees safety at Austal. <u>Id.</u> Mr. Blankenfeld was the Fed. R. Civ. P. 36(b) witness for Defendant Austal with regard to safety and accident reporting. <u>Id.</u> at 15. Defendant USA further objects to the deposition because Plaintiff has known about Mr. McCoy for a very long time and has waited until now to try and take his deposition and because the deposition is not proportional to the needs of the case. <u>Id.</u> at 16. Defendant USA contends that the burden and expense of the deposition "far outweighs the likely benefit" since counsel for the United States will have to travel from San Francisco to Mobile, Alabama, for the depositions "that will cover issues that have already been addressed in detail during Mr. Blankenfeld's deposition." <u>Id.</u>

Defendant Austal contends that Mr. McCoy should not be deposed because "his only action concerning Plaintiff's accident report was to assign a report number and then file it." Austal Oppo. at 3; see also ECF No. 90-3, Declaration of Leslie McCoy ("McCoy Decl.") at 2. Mr. McCoy made no "investigation or other attempt to verify the veracity or accuracy of the accident report created by Plaintiff" and, therefore, the expense of deposing him outweighs any likely benefit. McCoy Decl. at 2. Defendant Austal references a declaration from Mr. McCoy in which he declares that he is the "Technical Assistant for the Health, Safety, and Environmental

9

Department" for Defendant Austal" and that his "duties include, among other things, reviewing Incident / Near Miss Reports" and assigning a report number to reports that are submitted without a report number before filing the report. _Id._ Mr. McCoy further declares that he assigned the report number to Plaintiff's report, entered the report number on the document, and placed it in his filing cabinet, but made no investigation or attempt to verify the report. _Id._

Plaintiff argues that the deposition of Mr. McCoy is relevant as Mr. McCoy was the first person to produce Plaintiff's accident report and the way Plaintiff's accident was handled by Defendant Austal is still unclear. Reply at 9. Plaintiff further argues that Mr. McCoy's statements in the declaration "are not admissible evidence unless he is deposed" and do not provide sufficient detail to allow the parties to understand how Plaintiff's report was handled and why Mr. McCoy did not initiate or become involved in an investigation of Plaintiff's accident. Reply 2 at 2-3. Plaintiff argues that the declaration "exemplif[ies] the need for Mr. McCoy to submit to a deposition." _Id._ at 3.

Plaintiff's request to depose Mr. McCoy is **GRANTED**. Mr. McCoy's activities in relation to the accident report that Plaintiff claims to have submitted and what did or did not occur with regards to the alleged report are relevant to the instant matter. Plaintiff is not required to rely only on Mr. McCoy's declaration to answer any discovery related questions he may have.

## C.   SANCTIONS

Plaintiff seeks an award of reasonable costs, expenses, and attorneys' fees incurred by filing the instant motion. MTC at 7-8. Defendants USA and Austal do not address Plaintiff's request. USA Oppo.; see also Austal Oppo.

If a motion to compel discovery is granted, Rule 37(a)(5) requires a court to order the "party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant failed to meet and confer, the objection was substantially justified, or other circumstances militate against awarding expenses. See Brown v. Hain Celestial Group, Inc., 2013 WL 5800566, *5 (N.D. Cal. Oct. 28, 2013) ("[t]he party that loses the motion to compel bears the affirmative burden of demonstrating that its position was

substantially justified") (internal citations omitted).  If a motion to compel discovery is granted in part and denied in part, Federal Rule of Civil Procedure 37(a)(5)(C) permits a court to "after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

Plaintiff's request for sanctions is **DENIED** as the Court does not find that an award of sanctions is appropriate in the instant matter.  Plaintiff's motion is being granted in part and denied in part which supports the Court's finding that Defendants' objections to the requested depositions were substantially justified and that sanctions are not appropriate.

**IT IS SO ORDERED**.

Dated:  7/7/2017

Hon. Barbara L. Major
United States Magistrate Judge

15cv2582-CAB (BLM)