UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. CANNON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AUSTAL USA LLC AND UNITED STATES OF AMERICA<br><br>　　　　　　　　　　Defendants. | Case No.: 15CV2582-CAB(BLM)<br><br>**ORDER DENYING THIRD PARTY DEFENDANT AUSTAL'S MOTION TO WITHDRAW SHOW CAUSE ORDER AND IMPOSING SANCTIONS**<br><br>**[ECF NO. 106]** |

On August 29, 2017, the Court convened a Mandatory Settlement Conference ("MSC"). ECF No. 97. Lead counsel for Third Party Defendant Austal USA LLC, Mr. Douglas Brown, and Defendant Austal failed to appear. Id. In addition, neither the attorney, Mr. Rudy Lopez, nor the claims specialist, Ms. Maricela Martinez, who did appear on behalf of Third Party Defendant Austal had the required "full settlement authority." ECF No. 100.

On August 31, 2017, the Court issued an "ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED" for Austal's failure to follow this Court's order. Id. In the Order, the Court set a hearing in front of the Honorable Barbara L. Major for September 28, 2017 at 9:30 a.m. and required counsel for Austal, Mr. Douglas Brown, and Austal to each file a

1

declaration regarding their failure to appear and the imposition of sanctions on or before September 12, 2017. Id. at 2. The Court gave Plaintiff and Defendant USA the opportunity to file a response on or before September 19, 2017. Id.

In accordance with the Court's Order, Mr. Douglas Brown, and Austal each filed a declaration on September 12, 2017. ECF No. 103. Included with their declarations was a "MOTION TO WITHDRAW SHOW CAUSE ORDER." Id. In the motion, Austal requests that the Court withdraw its Order [ECF No. 100] and not impose sanctions on Austal or Mr. Brown. Id. at 6. On August 13, 2017, Defendant USA filed a response to the motion asking that it be stricken or redacted as the motion included specific settlement demands made during the confidential settlement conference, but taking no position as to the underlying Order to Show Cause ("OSC"). ECF No. 104. That same day, Austal withdrew its motion and refiled it without the confidential settlement discussion. ECF Nos. 105-106. Plaintiff did not file a response to the OSC. See Docket. On September 22, 2017, the Court vacated the OSC hearing scheduled for September 28, 2017. ECF No. 115.

In his declaration Mr. Brown states that Mr. Lopez is lead counsel for this matter and counsel for the American Longshore Mutual Assn., Ltd. ("ALMA") which provides insurance coverage for Plaintiff's claims in the instant matter. ECF No. 106-2, Declaration of Douglas L. Brown in Support of Motion to Withdraw Cause Order at 2. Mr. Brown declares that Ms. Martinez is a claims specialist for American Equity Underwriters, Inc. ("AEU") who had authority to settle this case on behalf of ALMA "which had the exclusive authority to settle claims." Id. Mr. Brown's statements are supported by the Declaration from Mr. Donald E. Keeler, Vice President of Austal USA, LLC. ECF No. 106-3, Declaration of Donald E. Keeler in Support of Motion to Withdraw Cause Order.

In light of the statements made under oath by Messrs. Brown and Keeler, the Court accepts counsels' position that they misunderstood the requirement that a corporate representative be present at the MSC. The Court also accepts Mr. Brown's sworn statement that Mr. Lopez is lead counsel, or at least that he was on the day of the MSC. However, the Court

finds that sanctions are appropriate here since, even if Mr. Lopez was "trial counsel," he was not legally and factually prepared to discuss settlement of the case. Both Mr. Lopez and Ms. Martinez were unable to discuss factual issues relevant to liability and damages and both had limited and fixed settlement authority (sum certain). Mr. Lopez had to phone another attorney during the conference to obtain additional factual information and to seek permission to explore greater settlement amounts. This is clearly in violation of the Court's April 15, 2016, Order Setting Pretrial Deadlines which states

> **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

ECF No. 46 at 5-6 (emphasis in original).

Accordingly, after considering Austal's motion, the declarations, all relevant facts, and Plaintiff's failure to file a request for sanctions, the Court sanctions Austal in the amount of $300.00 to be paid on or before **October 23, 2017** to the Miscellaneous Fines, Penalties and

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

Forfeitures, Not Otherwise Classified, fund of the United States Treasury [see CivLR 83.1(b)]. Austal is ordered to file a declaration verifying said payment no later than **October 27, 2017**.

    **IT IS SO ORDERED**.

Dated: 10/3/2017

*Barbara L. Major*
Hon. Barbara L. Major
United States Magistrate Judge