# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CANNON,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No.: 15-CV-2582-CAB-BLM<br><br>**ORDER ON MOTION TO DISMISS**<br><br>[Doc. No. 157] |

This matter is back before the Court from the Ninth Circuit Court of Appeals, which reversed the Court's grant of summary judgment in favor of Defendant the United States of America. The government now moves to dismiss the complaint on issue preclusion grounds based on a decision of an administrative law judge issued while the appeal was pending. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. As discussed below, the motion is granted, and the case is dismissed.

**I. Background**

The parties are familiar with the facts and allegations in this case so they will not be repeated in detail here. Generally, Plaintiff William Cannon alleges that on November 25,

2013, he suffered a back injury while helping to move a ramp or lift onboard the USS *Coronado* (the "*Coronado*"), a littoral combat ship constructed by Cannon's employer Austal USA, LLC ("Austal"), a shipbuilder and former party to this case. Based on the Court's rulings on summary judgment that were not disturbed on appeal, the only remaining claim in this case is Cannon's claim against the government for negligence under section 905(b) of the Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. §§ 901 *et seq*. The Ninth Circuit reversed this Court's ruling on summary judgment that this negligence claim was barred by the applicable two-year statute of limitations.

In its summary judgment order, this Court summarized that evidence supporting Cannon's claims, or lack thereof, as follows:

> In sum, Cannon testified at his deposition that the incident occurred within a day or two of sea trials that ended on August 23, 2013. Despite his claim that his injury occurred while lifting a ramp with three other men, Cannon does not cite to any testimony from these men supporting his claim that this incident occurred at all, let alone about the date of the incident. The only person identified by Cannon who allegedly witnessed the injury admitted in her deposition that she did not work on November 25, 2013, and conceded that it was possible that the Coronado had returned from sea trials a few days before the incident. [Doc. No. 111-3 at 15.] Meanwhile, Cannon's supervisor Harris, to whom Cannon reported the injury, testified that he recalls it happening in early fall and before November 25, 2013. [Doc. No. 129-19 at 8.] Aside from the Cannon's sham declaration, there is no testimony (via declaration or deposition) of anyone who stated they witnessed the incident occur on November 25, 2013, or even that Cannon told them that his injury occurred on that date. Nor is there any other admissible evidence that would support a finding that the incident occurred on November 25, 2013. In light of the foregoing, the undisputed evidence demonstrates that to the extent Cannon suffered an injury while moving a ramp extension aboard the Coronado, that injury occurred in August 2013, and not on November 25, 2013.
>
> The FAC explicitly seeks damages for an injury Cannon suffered aboard the Coronado on November 25, 2013. The complete lack of evidence that Cannon suffered an injury aboard the Coronado on November 25, 2013 is fatal to all of Cannon's claims because the FAC only asserts claims arising out of an injury that allegedly occurred on November 25, 2013. Any injuries Cannon

> suffered in August 2013 are simply not a part of this lawsuit. Further, to the extent Cannon was injured aboard the Coronado in August 2013, any admiralty claim against the United States arising out of such injury is barred by the [Suits in Admiralty Act's] two year statute of limitations. Accordingly, the United States is entitled to summary judgment on all of Cannon's claims.

[Doc. No. 133 at 17-18.] In reversing this judgment, the Ninth Circuit held that this Court abused its discretion in excluding Cannon's post-deposition declaration under the "sham affidavit" rule, and abused its discretion excluding an incident report as inadmissible hearsay. [Doc. No. 155 at 3-4.] According to the Ninth Circuit, these pieces of evidence create a genuine issue of fact as to the date of the alleged accident that caused Cannon's alleged injuries. [*Id.*]

## II. The ALJ Decision

While Cannon's appeal to the Ninth Circuit in this case was pending, Cannon pursued a claim before the Office of Administrative Law Judges of the United States Department of Labor against Austal and its insurance carrier for benefits under the LHWCA. [Doc No. 153-1.] On March 19, 2018, Administrative Law Judge Patrick Rosenow (the "ALJ") "held a hearing at which the parties were afforded a full opportunity to call and cross-examine witnesses, offer exhibits, make arguments, and submit post-hearing briefs." [*Id.* at 4.] Cannon was represented at the hearing by Thomas Discon, who also represents him in this case. [*Id.*] Cannon testified in person at the hearing [Doc. No. 157-5 at 34-134], offered twenty-seven exhibits [Doc. No. 155 at 5; Doc. No. 157-5 at 5-6], filed a post-trial memorandum [Doc. No. 157-6], and a reply to Austal's post-trial brief [Doc. No. 157-8].

On September 29, 2019, the ALJ issued a thirty-nine page single-spaced order and decision denying Cannon's claim. [*Id.*] After comprehensively cataloguing the evidence, the order states that "[t]o prevail, [Cannon] must show that it is more likely than not that he was injured as he alleges on 25 Nov 13 in the mission bay of the *Coronado*," and concludes that "the record is insufficient to carry [Cannon's] burden and establish that it is

3

15-CV-2582-CAB-BLM

more likely than not that he injured his back while working for [Austal] on 25 Nov 13." [*Id.* at 41-42.] Cannon did not appeal the ALJ's order.

### III. Legal Standards

Although this case is back from the Ninth Circuit after the reversal of the Court's order granting summary judgment, the government now frames its motion as one for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Such a motion, however, "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Nevertheless, this flaw is immaterial both because Plaintiff did not object to the form of the motion in his opposition, and because the motion could have been brought as one for judgment on the pleadings under Rule 12(c), which is subject to the same analysis. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.") (internal quotation marks and citation omitted).

The standard for a Rule 12(b)(6) motion to dismiss articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), applies to a motion for judgment on the pleadings. *See Lewis v. City & Cty. of San Francisco*, No. C 11-5273 PJH, 2012 WL 909801, at *1 (N.D. Cal. Mar. 16, 2012). Thus, as with a motion to dismiss for failure to state a claim, when deciding a motion for judgment on the pleadings, the Court assumes the allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *See Northstar Fin. Advisors, Inc. v. Schwab Investments*, 904 F.3d 821 (9th Cir. 2018). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

The question of issue preclusion is appropriate for consideration on a motion for judgment on the pleadings because the motion here is based on documents as to which judicial notice is appropriate (and of which Plaintiff does not object to judicial notice),

including in particular the ALJ's September 28, 2018, decision and order. *See Riley v. City of Richmond*, No. C-13-4752 MMC, 2016 WL 1161450, at *2 n.4 (N.D. Cal. Mar. 23, 2016) (citing *Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 785-88 (9th Cir. 1986)). Accordingly, the Court grants the government's request for judicial notice and analyzes the motion under the aforementioned standards equally applicable to motions to dismiss and motions for judgment on the pleadings. *Cf. Chacon v. Powell*, No. 4:19-CV-100-BLW, 2019 WL 3779981, at *1 (D. Idaho Aug. 9, 2019) (converting motion to dismiss filed after answer to a motion for judgment on the pleadings under Rule 12(c)); Fed. R. Civ. P. 12(h)(2)(B) (stating that "failure to state a claim upon which relief can be granted . . . or to state a legal defense to a claim may be raised . . . by a motion under Rule 12(c).").

**IV. Discussion**

"Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)); *see also Paulo v. Holder*, 669 F.3d 911, 918 (9th Cir. 2011) (same). "The party asserting issue preclusion must demonstrate: '(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.'" *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)).

The issue that the government seeks to preclude Cannon from arguing here is that Plaintiff injured his back in an incident that occurred on November 25, 2013, in the course of his work on the *Coronado*. The government points out that this exact issue was litigated and decided in the ALJ proceedings, that Cannon had a full opportunity to litigate the issue before the ALJ, and that a finding that Cannon injured his back on November 25, 2013 was necessary for him to obtain benefits from Austal under the LHWCA. The Court agrees.

Cannon's sole argument is that the issue before the ALJ was not identical to the one before this Court. The Ninth Circuit has stated that four factors should be applied to evaluation of whether the issues in the two proceedings are identical:

> (1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?
> (2) does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?
> (3) could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?
> (4) how closely related are the claims involved in the two proceedings?

*Id.* at 1041. Here, the ALJ found that "the record is insufficient to carry [Cannon's] burden and establish that it is more likely than not that he injured his back while working for Employer on [November 25, 2013]." [Doc. No. 153-1 at 42.] This is an exact issue of fact Plaintiff must prove (and burden[1] by which he must prove it) to succeed on his claim against the government in this lawsuit. Moreover, the evidence before the ALJ included depositions taken in this case along with testimony from Plaintiff and others Plaintiff contends support his claim. All of the above requirements are satisfied.

In his opposition, Plaintiff relies almost exclusively on a 1993 opinion out of the Eastern District of Louisiana where the court declined to apply collateral estoppel to the decision of an ALJ in a LHWCA proceeding. *See Enlund v. British Petroleum Oil Co.*,

---

[1] Cannon's burden here to prove that the accident occurred on November 25, 2013 by the preponderance of the evidence is the same burden of proof as the "more likely than not" standard employed by the ALJ. *See, e.g., United States v. Montano*, 250 F.3d 709, 713 (9th Cir. 2001) ("Under the preponderance of the evidence standard, the relevant facts must be shown to be more likely true than not.") (internal quotation marks omitted); *United States v. Edwards*, 857 F.3d 420, 421 (1st Cir. 2017) ("The preponderance-of-the-evidence standard 'is a more-likely-than-not rule.'"); *Uthman v. Obama*, 637 F.3d 400, 403 n.3 (D.C. Cir. 2011) (Cavanaugh, J.) ("The preponderance of the evidence standard is equivalent to the 'more likely than not' standard.") (citing *Concrete Pipe & Prods., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993)); Ninth Circuit Manual of Model Civil Jury Instructions, Sec. 1.6 (2017 Ed.) ("When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.").

Civ. A. No. 92-0397, 1993 WL 205042 (E.D. La. Jun. 4, 1993). *Enlund*, however, is both distinguishable and, to the extent Plaintiff contends that it categorically precludes application of issue preclusion to findings made in an LHWCA proceeding, inconsistent with subsequent Ninth Circuit and Supreme Court precedent.[2] As to the latter point, the Ninth Circuit has recently explained that:

> [C]ollateral estoppel, also known as issue preclusion, "is not limited to those situations in which the same issue is before two courts. Rather, where a single issue is before a court and an administrative agency, preclusion also often applies." *B & B Hardware v. Hargis Indus.*, ––– U.S. ––––, 135 S.Ct. 1293, 1303, 191 L.Ed.2d 222 (2015). Generally speaking, so long as "an administrative agency is acting in a judicial capacity and resolv[ing] disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate," *United States v. Utah Const. & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), "the federal common law rules of preclusion ... extend to ... administrative adjudications of legal as well as factual issues, even if unreviewed," *Guild Wineries & Distilleries v. Whitehall Co.*, 853 F.2d 755, 758–59 (9th Cir. 1988).

---

[2] Cannon's citation to *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991), is equally misplaced. If anything, that opinion, in which the Supreme Court noted:

> We have long favored application of the common-law doctrines of collateral estoppel (as to issues) and res judicata (as to claims) to those determinations of administrative bodies that have attained finality. "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose."

*Astoria Fed. Sav. & Loan Ass'n*, 501 U.S. at 107 (quoting *Utah Constr. & Mining Co.*, 384 U.S. at 422), supports the application of issue preclusion here. Notwithstanding this language, the *Enlund* opinion cites *Astoria* for the proposition that "judicially unreviewed findings of a state administrative agency have no preclusive effect on federal proceedings." *Enlund*, 1993 WL 205042, at *3. Respectfully, this is, at a minimum, an overgeneralization of the holding in *Astoria*. Although the Supreme Court ultimately held in *Astoria* that collateral estoppel does not apply to judicially unreviewed findings of a state administrative agency with respect to age discrimination claims, the rationale for the holding was specific to the language of the Age Discrimination in Employment Act, which "carries an implication that the federal courts should recognize no preclusion by state administrative findings with respect to age-discrimination claims." *Id.* at 110. Cannon points to no analogous statutory language reflecting congressional intent that the ALJ's findings against Cannon should not be subject to issue preclusion.

*Pauma v. Nat'l Labor Relations Bd.*, 888 F.3d 1066, 1072 (9th Cir. 2018). Along these lines, the Ninth Circuit has held collateral estoppel principles applicable to decisions of various administrative agencies, including the National Labor Relations Board, *see Bldg. Materials & Const. Teamsters Local No. 216 v. Granite Rock Co.*, 851 F.2d 1190, 1195 (9th Cir. 1988), the California Workers Compensation Appeals Board, *see Campbell Indus. v. U.S. Dept. of Labor Benefits Review Bd.*, 1998 WL 234504, 145 F.3d 1336 (9th Cir. 1998) (unpublished disposition) (reversing ALJ who, in hearing concerning LHWCA claim, refused to apply collateral estoppel based on findings by a California Workers' Compensation Appeals Board Judge), and the Massachusetts Alcoholic Beverages Control Commission, *see Guild Wineries*, 853 F.2d at 756. *See also Acosta v. Idaho Falls Sch. Dist. No. 91*, 291 F. Supp. 3d 1162, 1166 (D. Idaho 2017) ("It is well settled that principles of collateral estoppel may be applied to administrative adjudications."). Here, the ALJ was acting in a judicial capacity in resolving whether Plaintiff suffered a back injury on November 25, 2013, while performing work for his employer Austal related to the *Coronado*. Cannon does not cite to any statutes reflecting Congressional intent that administrative decisions in this context should not be subject to the common-law doctrine of issue preclusion. Therefore, the fact that an ALJ, as opposed to a state or federal judge, found that Plaintiff could not prove by a preponderance of the evidence that Plaintiff suffered such an injury is not an obstacle to the application of issue preclusion.

Moreover, *Enlund* is distinguishable because in that case the fundamental issue of whether the plaintiff suffered an accident on the job was not in question. Instead, the issue was whether the accident caused the plaintiff's lumbar injuries. The ALJ determined that the plaintiff's lumbar injuries were not related to his accident on the job. Thus, the issue in *Enlund* was "the causation of a particular injury to an on-the-job accident." *Enlund*, 1993 WL 205042, at *1. The court, finding that the standards applicable to causal relation of an injury to the accident differ between the administrative proceeding and the court proceeding, declined to apply collateral estoppel to the ALJ's holding that the lumbar injuries were not caused by the on-the-job accident. *Id.* at *2.

Here, unlike in *Enlund*, the very existence of an accident and injury was in question before the ALJ and is also in question before this Court. The issue—whether Plaintiff suffered any injury on November 25, 2013 while working on the *Coronado*—is identical to the issue before this Court. The issue was actually litigated before and decided by the ALJ. Plaintiff had a full and fair opportunity to litigate the issue, using much of the same evidence he hopes to use here. Finally, the issue was necessary to decide the merits before the ALJ because the existence of an accident was a predicate to Plaintiff's claim for recovery under the LHWCA just as it is a predicate to his claim for recovery from the government in this case. Indeed, Plaintiff does not even dispute any of these points, arguing instead about purportedly different standards concerning causation between the LWHCA proceeding and here. Before getting to causation, however, Cannon must first prove, just as he had to do before the ALJ, that he suffered an injury on November 25, 2013. Because Cannon could not prove such an injury, the ALJ never had to make a finding as to causation. Any differences in the standards and burdens applicable to causation between the ALJ proceeding and this case are irrelevant to the instant motion, which is limited to preclusion of the issue of fact as to whether Cannon suffered an injury on November 25, 2013. The ALJ's finding on that specific issue—that Cannon did not prove that it was more likely than not that he suffered an injury on November 25, 2013—is subject to issue preclusion and is fatal to Cannon's claim against the government.

In sum, the ALJ's determination, upon consideration of essentially the exact evidence Cannon hopes to use in this case, that Cannon had not proved that it was more likely than not that he suffered an injury onboard the *Coronado* on November 25, 2013, precludes Cannon from asserting a claim arising out of such an injury here.

### V. Conclusion

The government has established all of the requirements for the application of issue preclusion to Plaintiff's claim that he was involved in an accident causing him an injury on November 25, 2013. Accordingly, the Court finds that issue preclusion applies. The

motion to dismiss (or motion for judgment on the pleadings) is therefore **GRANTED**, and Plaintiff's claims against the government are **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Dated: October 28, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge